IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Brittany L., | ) |
|       Plaintiff, | ) Case No.: 21-cv-50114 |
| v. | ) Magistrate Judge Margaret J. Schneider |
| Martin O'Malley,[1] | ) |
| Acting Commissioner of Social Security, | ) |
|       Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Brittany L., seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. The parties have filed cross motions for summary judgment [15], [18]. For the reasons set forth below, Plaintiff's motion for summary judgment [15] is denied and the Commissioner's motion for summary judgment [18], is granted. The final decision of the Commissioner denying benefits is affirmed.

**BACKGROUND**

**A. Procedural History**

On August 13, 2018, Brittany L. ("Plaintiff") filed for disability insurance benefits. R. 15. On November 8, 2018, the plaintiff also filed an application for Supplemental Security Income. *Id*. The Social Security Administration ("Commissioner") initially denied her application on October 15, 2018, and upon reconsideration on June 18, 2019. *Id*. Plaintiff filed a written request for a hearing on August 15, 2019. *Id*. On November 10, 2020, a hearing was held by Administrative Law Judge ("ALJ") Paul Sher where Plaintiff appeared virtually and testified. *Id*. Plaintiff was represented by counsel. *Id*. Brian L. Womer, an impartial vocational expert ("VE"), also appeared and testified. *Id*.

On November 23, 2020, the ALJ issued his written opinion denying Plaintiff's claims for disability, disability insurance benefits, and supplemental security income. R. 31. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1-3. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). Now before the Court are Plaintiff's motion for summary judgment [15], the Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [18], and Plaintiff's reply brief [19].

---

[1] Martin O'Malley has been substituted for Kilolo Kijakazi. Fed. R. Civ. P. 25(d).

### B. The ALJ's Decision

In his ruling, the ALJ applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one, the ALJ found that Plaintiff had not been engaging in substantial gainful activity since the alleged onset date of July 1, 2014. R. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia, Tietz syndrome, generalized anxiety disorder, and attention deficit hyperactivity disorder (ADHD). *Id*. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. R. 18. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1, finding that Plaintiff's mental impairments did not satisfy the criteria in Paragraph B or Paragraph C. *Id*.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except: she can frequently climb ramps and stairs; occasionally climb ladders, ropes, or scaffolds; frequently balance, stoop, kneel, crouch and crawl; but must avoid concentrated exposure to unprotected heights and moving machinery. She can understand, remember, and carry out simple instructions; perform simple, routine, and repetitive tasks, but not at a production rate pace such as an assembly line; and adapt to routine changes in the workplace that are infrequent and easily explained. R. 21. At step four, the ALJ found that Plaintiff has past relevant work in: Data Entry (DOT# 203.582-054) and Sporting Goods Store Retail (DOT# 277.357-058). R. 29-30. However, the ALJ found Plaintiff was unable to perform past relevant work as actually or generally performed. *Id*. Finally, at step five, the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including housekeeper (DOT# 323.687-014), inspector/hand packager (DOT# 559.687-074), and laundry worker (DOT# 369.687-018). R. 30-31. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from August 13, 2018, through the date of decision, November 23, 2020. R. 31.

### STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal citations omitted). Substantial evidence is "more than a mere scintilla." *Wright v. Kijakazi*, No. 20-2715, 2021 WL 3832347, at *5 (7th Cir. 2021). "Whatever the meaning of 'substantial' in other contexts, the Supreme Court has emphasized, 'the threshold for such evidentiary sufficiency is not high.'" *Id*. (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1153 (2019)). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations, *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008), and "confines its review to the reasons offered by the ALJ." *Green v. Astrue*, No. 11 CV 8907, 2013 WL 709642, at *7 (N.D. Ill. Feb. 27, 2013).

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citations and quotations omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, re-weighing or resolving conflicts in the evidence, or deciding questions of credibility. [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020). Additionally, an ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and his conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (citations and quotations omitted). *See also Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015).

## DISCUSSION

Plaintiff contends that the ALJ erred in his assessment of the medical opinion evidence provided by Dr. O'Rourke. R. 27-28. The ALJ found the opinion of Dr. O'Rourke, Plaintiff's treating physician, unpersuasive. *Id*. Plaintiff argues that the ALJ erred in evaluating Dr. O'Rourke's medical opinion because the ALJ failed to explain the perceived inconsistencies in Dr. O'Rourke's evaluation. R. 27.

Plaintiff filed her case after March 27, 2017, and as a result the ALJ "[w]ill not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)." *Patrice W. v. Kijakazi*, No. 20 C 02847, 2022 WL 2463557, at *3 (N.D. Ill. July 6, 2022) (citing 20 C.F.R. § 404.1520c(a)) (internal quotations omitted). Instead, the ALJ is advised to consider a variety of factors in evaluating medical opinions and must "[e]xplain how she considered the supportability and consistency factors" in particular. *See* 20 C.F.R. § 404.1520c(b)(2); *Bakke v. Kijakazi*, 62 F.4th 1061, 1067-68 (7th Cir. 2023) (affirming that under § 404.1520c(b)(2), an ALJ must consider supportability and consistency of medical opinions). In considering the supportability and consistency of a medical opinion, "[a]n ALJ need only minimally articulate[ ] her reasoning for the persuasiveness of the medical opinion." *Desotelle v. Kijakazi*, No. 22-1602, 2023 WL 4146246, at *2 (7th Cir. June 23, 2023) (quoting *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008)) (internal quotations omitted). The ALJ here sufficiently articulated his consideration of the supportability and consistency factors[2] when evaluating Dr. O'Rourke's opinion and thus did not err in evaluating the opinion.

---

[2] Although the ALJ explicitly articulated the consistency factor, stating, as discussed below, that Dr. O'Rourke's opinion was "internally inconsistent" and "inconsistent with treatment notes," the ALJ did not explicitly articulate supportability. R. 27-28. Plaintiff raises no argument as to the ALJ's lack of explicit articulation as to supportability, and the Court "[w]ill not make a party's arguments for her, nor will it assemble the evidence necessary to support her position." *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1001 (7th Cir. 2004); s*ee also Herman v. City of Chicago*, 870 F.2d 400 (7th Cir. 1989) *and Riley v. City of Kokomo*, No. 1:15-CV-391-WTL-DML, 2017 WL 897281, at *9 (S.D. Ind. Mar. 7, 2017), aff'd, 909 F.3d 182 (7th Cir. 2018). Accordingly, the Court need not address this issue further. Moreover, the Court finds that any error that resulted from the lack of explicit articulation as to supportability was harmless. The ALJ's discussion of the inconsistencies in Dr. O'Rourke's opinion go toward the supportability of the opinion as well; as explained by the ALJ, the opinion is inconsistent with and therefore unsupported by Dr. O'Rourke's own treatment notes and the statements of the Plaintiff and her mother. Accordingly, because a court "[w]ill not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result," any error that results from the lack of explicit articulation as to supportability is harmless. *Butler v. Kijakazi*, 4 F.4th 498, 504 (7th Cir. 2021) ("An error is harmless if, upon examination of the record, the court can predict with great confidence what the result of remand will be." (internal quotations omitted)); *see also Haskic*

3

As to the supportability of Dr. O'Rourke's opinion, which is the aspect challenged by plaintiff, the ALJ found that Dr. O'Rourke's recommendations were "internally inconsistent." R. 27. The ALJ reasoned that Dr. O'Rourke's disability questionnaire was internally inconsistent because Dr. O'Rourke stated that Plaintiff could occasionally lift up to 100 pounds, yet also could not sit or stand for longer than ten minutes. *Id*. Similarly, the ALJ explained that the disability questionnaire was internally inconsistent because it stated that Plaintiff would be precluded from most activities, yet also stated that Plaintiff could participate in activities that require Plaintiff to "occasionally stoop, bend, crouch, crawl, and climb stairs." *Id*. Moreover, the ALJ discussed the inconsistencies between Dr. O'Rourke's own treatment notes and the disability questionnaire, the latter of which is the opinion at issue. *Id*. As explained by the ALJ, the treatment notes "[i]ndicate that the [Plaintiff] is responsive to narcotic pain medications," yet Dr. O'Rourke's disability questionnaire states that Plaintiff's degree of pain is "severe" and "would preclude the activity precipitating the pain." R. 27; R. 23 (citing R. 379 (Dr. O'Rourke continuing pain medications for chest pains); R. 376 (Dr. O'Rourke noting that Plaintiff tried marijuana and "says it helped her [symptoms]… she feels so much better on it, she can function and do daily things.") *and* R. 390-393 (Dr. O'Rourke petitioning the state for medical marijuana for Plaintiff following her report that it helped her symptoms). Furthermore, the ALJ explained that Dr. O'Rourke's opinion was inconsistent with the statements of Plaintiff and her mother, which indicated that Plaintiff "[i]s able to care for herself, do tasks and chores around the home, drive and attend doctor's appointments independently." R. 28; *compare* R. 860 (Dr. O'Rourke's questionnaire stating Plaintiff can only sit or stand in ten-minute intervals) *with* R. 247 (Plaintiff's mother stating that Plaintiff shops in a store for less than an hour).

This reasoning easily meets the bar for minimal articulation. "A physician opinion may be discounted if it is internally inconsistent, or inconsistent with other evidence." *Strong v. Barnhart*, No. 01 C 6499, 2002 WL 31415714, at *6 (N.D. Ill. Oct. 23, 2002) (internal quotations and citations omitted)). The ALJ articulated some of the internal inconsistencies in Dr. O'Rourke's opinion, as well as the inconsistencies with other evidence. Additionally, Dr. O'Rourke's questionnaire provided no further explanation of his conclusion that Plaintiff could not sustain employment beyond the checked boxes and circled responses on the form. "Check-box forms, unexplained, are generally weak evidence." *Winkelman v. Saul*, 835 F. App'x 889, 892 (7th Cir. 2021); *see also Gwendolyn P. v. Kijakazi*, No. 20 C 3339, 2021 WL 5204858, at *7 (N.D. Ill. Nov. 9, 2021) ("A [c]heck-box form [ ], unexplained, [is] generally weak evidence, taking on greater significance only when it is supported by medical records.") (internal quotations and citations omitted). Ultimately, the ALJ reviewed the questionnaire and compared it to other evidence in the record (both medical evidence—Dr. O'Rourke's treatment notes—and subjective evidence in the form of Plaintiff and her mom's statements), weighed that evidence, and ultimately concluded that it weighed against the persuasiveness of the form. The Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination." *Crowell v. Kijakazi*, 72 F.4th 810, 814 (7th Cir. 2023) (internal quotations

---

*v. Comm'r of Soc. Sec.*, No. 1:23-CV-351 JD, 2024 WL 3272049, at *5 (N.D. Ind. July 1, 2024) (concluding that a failure to explicitly consider the consistency and supportability factors is nonetheless subject to a harmless error analysis); *James L. v. Kijakazi*, No. 21-2245, 2023 WL 2639985, at *3 (C.D. Ill. Feb. 21, 2023) (subjecting a failure to discuss the supportability and consistency factors to a harmless error analysis).

4

omitted)). Accordingly, the ALJ minimally articulated his reasoning as to the persuasiveness of Dr. O'Rourke's opinion, and the ALJ's opinion was therefore supported by substantial evidence.

## CONCLUSION

For the reasons stated above, Plaintiff's motion for summary judgment [15] is denied and the Commissioner's motion for summary judgment [18], is granted. The final decision of the Commissioner denying benefits is affirmed.

Date: 07/26/2024          ENTER:

_____
United States Magistrate Judge